UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DR. MONROE R. PARKER, JR., | ) | CASE NO. 1-06CV00737 |
| | ) | Judge Emmet G. Sullivan |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| EDWARD JONES, ET AL, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION BY BANK OF AMERICA, N.A. TO DISMISS, OR IN THE
ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT**

Defendant, Bank of America, N.A. ("BOA"), by its undersigned attorneys, files this Motion to Dismiss, or in the Alternative, Motion for a More Definite Statement (the "Motion") pursuant to Fed. R. Civ. P. 8(a) and 12.

## INTRODUCTION

Plaintiff initiated this action by filing an almost incomprehensible Complaint against six different defendants for what appears to be allegations relating to a stolen check that was issued to Plaintiff. The confusing four paragraph complaint states in entirety as follows:

> 1. On Tuesday, February 28, 2006, this Plaintiff filed a racial discrimination complaint against Edward Jones, WITH **THE U.S. SECURITIES AND EXCHANGE COMMISSION**, whom to date has failed to respond. A person from their compliance department called and wanted to talk about the complaint, no response. My attorney advised against talking to him. They later threatened criminal actions for depositing a fraudulent check, they issued two redemption checks, Check-City Of Richmond cashed, both of them, only to have Edward Jones to put a stop-payment on both checks, fifteen days later. Bryan Rea of Edward Jones verified a check for $98,500 with Bank Of America, signed by Thai Trinh, of [12308 Royal Palm Blvd., Coral Springs, Florida 33071], on January

> 31, 2006. The plaintiff received two other checks from Mr. Trinh, which he never reported stolen. Mr. Trinh signed all checks, sent to Andrew Sylman and Royal Yorkland Financial Corporation of [Toronto, Canada], who sent the checks to Dr. Monroe R. Parker, Jr., at 1036 Dutchtown Road, #F-4, Savannah, Georgia 31419. This package was sent by express Courier, UPS/Tracking Number: 1Z24RW116638710282. This package was sent by Robert Wilson, 211 Consumers Road, North York, Ontario, M2M3W2, CANADA. The plaintiff apply for this $98,500 loan from the Royal Yorkland Financial Corporation, by their agent Andrew Sylman and the Sylman Management, at a rate of 1.75% per month, until repaid. However, Edward Jones withheld $23,000 of the loan. The plaintiff and Andrew Sylman developed a dispute, Andrew Sylman directed Thai Trinh to put a stop-payment on the check, two weeks after it was cleared and paid by Bank Of America, however, the stop-payment could not be used, so Mr. Sylman directed Trinh to falsely allege that the check was stolen. Trinh, Sylman, Bank Of America, and Edward Jones acted in concert with one another in promoting these material falsehoods.
>
> 2. Plaintiff received several emails from Andrew Sylman referring to a agreement, on how to disburse the fund, that he later would allege to Bank Of America was a stolen check.
>
> 3. On February 13, 2006, plaintiff received an email from FINTRAC [FINANCIAL TRANSACTION & REPORT ANALYSIS CENTER OF CANADA], ALLEGING THAT "THEY RECEIVED AN OFFICIAL COMPLAINT AGAINST YOU FROM YORKLAND FINANCIAL CORPORATION, in the matter of a violation of the terms of a credit facility made out to you in the amount of Ninety-Eight Thousand, Five Hundred & Fifty Thousand Dollars (US$98,550.00)". ALL FINANCIAL ACTIVITIES HANDLED BY ROYAL YORKLAND FINANCIAL CORPORATION, MENTIONED ISSUER OF THIS LOAN, WHEN ABOVE US$10,000 NORMALLY MUST PASS CLEARANCE VIA FINTRAC.
>
> 4. PLAINTIFF FILED A COMPLAINT WITH THE OFFICE OF THE COMPTROLLER OF THE CURRENCY, AGAINST BANK OF AMERICA, MARCH 17, 2006. THE BANK HAS YET TO RESPOND.

Complaint at ¶¶ 1-4. (emphasis in original).

The only allegations relating to BOA in the Complaint are that "Bryan Rea of Edward Jones verified a check for $98,500 with Bank of America, signed by Thai Trinh . . . on January 31, 2006" and that Defendant Sylman directed Defendant Trinh to put a stop payment on the check two weeks after the check was "cleared and paid by Bank of America." Complaint at ¶ 1.

2

Plaintiff alleges that because the "stop payment" could not be used, Defendant Sylman directed Defendant Trinh to "falsely allege that the check was stolen" and that BOA and the other Defendants "acted in concert with one another in promoting these material falsehoods." Id. Plaintiff also alleges that he filed a complaint with the Office of the Comptroller of the Currency against BOA, but fails to mention the nature of that complaint and how it relates to his allegations in the Complaint in this action.

Simply put, Plaintiff's complaint fails to state a claim for which he is entitled to relief. Plaintiff's complaint is almost impossible to decipher and fails to allege any cognizable cause of action against Bank of America. In addition, Plaintiff's Complaint fails to state a basis for jurisdiction as required by Fed. R. Civ. P. 8(a). As discussed below, the Complaint should be dismissed, or, in the alternative, Plaintiff should be ordered to provide a more definite statement with respect to his allegations against BOA.

## STANDARDS OF REVIEW

Dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is appropriate when a party has failed to set forth a claim for which he/she is entitled to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (holding complaint should not be dismissed pursuant to Fed. R. Civ. P. 12 "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"). In ruling on a motion under Rule 12(b)(6), the Court must accept all well-pleaded allegations as true and construe the Complaint in the light most favorable to the plaintiffs. *Moore v. Aspin*, 916 F.Supp. 32, 35 (D.D.C. 1996); *Hyman v. First Union*, 980 F.Supp. 38, 39 (D.D.C. 1997). As this Court recognized in *Western Associates, Limited Partnership v. Market Square Associates*, 235 F.3d 629 (D.C. Cir. 2001), however, "[t]he court need not accept inferences drawn by Plaintiffs if such inferences are unsupported by the facts set

out in the complaint." *Id.* at 634. Likewise, the Court need not accept "legal conclusions cast in the form of factual allegations." *Id.* Beyond the Complaint's allegations, "'the court may take judicial notice of' public documents 'even if they are not included in, or attached to the complaint.'" *Savage v. Scales*, 310 F.Supp.2d 122, 129 n.8 (D.D.C. 2004) (*quoting Lipton v. MCI Worldcom, Inc.*, 135 F.Supp.2d 182, 186 (D.D.C. 2001)).

The District Court should dismiss a claim where, as here, it appears "beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief." *E.E.O.C. v. St. Francis Xavier Parochial School*, 117 F.3d 621, 624 (D.C. Cir. 1997) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## ARGUMENT

Plaintiff's Complaint should be dismissed because (1) it fails to state a claim upon which relief can be granted, and (2) fails to state adequate grounds for subject matter jurisdiction. In the alternative, the allegations in Plaintiff's Complaint are impermissibly vague and ambiguous, thus, requiring a more definite statement pursuant to Fed. R. Civ. P. 12(e).

### I. Plaintiff Fails to State a Claim Upon Which Relief Can Be Granted

Plaintiff has failed to state a claim upon which relief can be granted. As discussed above, to survive a motion to dismiss, a complaint must provide the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Modderno v. King*, 82 F.3d 1059, 1063 (D.C. Cir. 1996). Here, the complaint does not describe a statute or a cause of action under which Plaintiff is proceeding, and fails to allege any substantive facts that could be construed in Plaintiff's favor so as to determine whether he has actually alleged all of the material elements of any cause of action. *See Weyrich v. New Republic, Inc.*, 235 F.3d 617, 623 (D.C. Cir. 2001)

(Dismissal is proper when, construing all allegations in plaintiff's favor, complaint fails to allege all material elements of the cause of action).

Plaintiff's complaint is completely devoid of any law or facts that could remotely be considered to form a cause of action and, even taking into account Plaintiff's pro se status, his complaint fails to state any claim that is cognizable. *See Brandon v. District of Columbia Bd. of Parole*, 734 F.2d 56, 59 (D.C. Cir. 1984) ("Pro se complaint, like any other, must present a claim upon which relief can be granted by court."). Even if the Court assumes the truth of Plaintiff's allegations, the fact that BOA merely reported a check as being stolen consistent with specific instructions from Defendant Trinh, the customer whose account the "stolen" check was drawn upon, does not provide Plaintiff with any cognizable claim. As a result, Plaintiff's claim should be dismissed, pursuant to Rule 12(b)(6).

## II. Plaintiff Fails To State Any Grounds For Jurisdiction

Plaintiff has failed to state any grounds upon which jurisdiction can be based. Under Rule 8(a), Plaintiff must set forth the grounds upon which the court's jurisdiction depends. The Complaint fails to state any grounds for jurisdiction whatsoever. Because he has failed to do so, Plaintiff's claim should be dismissed, pursuant to Rule 12(b)(1).

## III. Plaintiff's Allegations Against BOA Are Impermissibly Vague and Ambiguous

Alternatively, Defendant would move under Rule 12(e) for a more definite statement, in that the pleading is so vague and ambiguous that BOA cannot reasonably be required to frame a responsive pleading. *See Towers Tenant Ass'n, Inc. v. Towers Ltd. Partnership*, 563 F. Supp. 566, 569 (D.D.C. 1993) (basis for granting a motion for a more definite statement is unintelligibility). The allegations in Plaintiff's Complaint as quoted above are unintelligible, especially since Plaintiff alleges that BOA somehow is at fault for reporting that a check was

stolen pursuant to its customer's instructions. As a result, if BOA's Motion to dismiss is not granted, Plaintiff should be required to provide BOA with a more definite statement of his claims.

## **CONCLUSION**

WHEREFORE, Defendant Bank of America, N.A. requests that this case be dismissed for failure to state a claim upon which relief can be granted, a lack of subject matter jurisdiction, improper service of process, or in the alternative, that Plaintiff be required to produce a more definite statement.

Respectfully submitted,

_____/s/_____
Jefferson V. Wright
Donald E. English, Jr.
Miles & Stockbridge P.C.
10 Light Street
Baltimore, Maryland 21202
(410) 727-6464
(410) 385-3700 (fax)

*Attorneys for Defendant, Bank of America, N.A.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was served this 30th day of May, 2005 in accordance with the Court's procedures for electronic filing.

In addition, I certify that a copy of the foregoing was sent by first-class mail, postage prepaid, to: Dr. Monroe R. Parker, 5174 McGinnis Ferry Road, Suite 108, Alpharetta, Georgia 30005.

　　　　　　　　　　　　　　／s／
　　　　　　　　　　　Donald E. English, Jr.