UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DR. MONROE R. PARKER, JR. | ) | CASE NO. 1-06CV00737 |
| Plaintiff, | ) | Judge Emmet G. Sullivan |
| vs. | ) | |
| EDWARD JONES, ET AL. | ) | |
| Defendants. | ) | |

### DEFENDANT EDWARD D. JONES' MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT

Defendant, Edward Jones, by its undersigned attorneys, hereby moves to dismiss Plaintiff's Complaint and all claims contained herein against Edward Jones for failure to state a claim upon which relief can be granted and Plaintiff's failure to state the Court's basis for jurisdiction pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 8(a). In the alternative, Edward Jones moves for a more definite statement pursuant to Fed. R. Civ. P. 12(c). The grounds for this motion are set forth in greater detail in the accompanying Memorandum of Points and Authorities.

Pursuant to Local Rule 7(m), counsel for Edward Jones' attempted to contact plaintiff to discuss this motion and to narrow the areas of disagreement. Plaintiff's telephone of record has been disconnected and therefore this motion continues to be opposed.

Defendant, Edward Jones, requests an oral hearing on this motion.

THEREFORE, Defendant Edward Jones requests that this case be dismissed for failure to state a claim upon which relief can be granted and Plaintiff's failure to state the Court's basis for jurisdiction, or in the alternative, that Plaintiff be required to produce a more definite statement.

<div style="text-align:right">

Respectfully Submitted,

**BUTZEL LONG**

/s/ James F. Gehrke
James F. Gehrke(Bar No. 497193)
Butzel Long
Suite 300
1747 Pennsylvania Avenue N.W.
Washington, D.C. 20006
Telephone (202) 454-2888
E-mail: gehrke@butzel.com
**Attorneys for Defendant Edward D. Jones & Co., L.P.**

</div>

Dated: June 6, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DR. MONROE R. PARKER, JR., )
)
    Plaintiff, )
) No. 1-06CV00737
vs. )
) Hon. Emmet G. Sullivan
EDWARD JONES, et al., )
)
    Defendants. )

## MEMORANDUM OF POINT AND AUTHORITIES IN SUPPORT OF DEFENDANT EDWARD JONES' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT

### Facts

Plaintiff filed a confusing, vague and contradictory Complaint making the following allegations against Defendant Edward D. Jones & Co. L.P ("Edward Jones"):

- Plaintiff filed a racial discrimination complaint against Edward Jones with the Securities and Exchange Commission (Complaint, ¶ 1).

- A person from Edward Jones compliance department called someone and wanted to talk about the Complaint (Id.)

- "They" [we do not know who or what] later threatened criminal actions [against who?] for depositing a fraudulent check (Id.)

- Edward Jones put a stop-payment on both checks a few days later. (Id.)

- After Plaintiff applied for a $98,500 loan from a Canadian company, "Edward Jones withheld $23,000 of the loan". (Id.)

This is not the first time Plaintiff has filed this type of lawsuit. A review of the federal court's PACER cite indicates that Plaintiff has adopted lawsuit-filing as a hobby, filing in excess of thirty lawsuits in the federal district courts in Georgia, North

Carolina, Virginia and Pennsylvania. Having worn out his welcome in those districts, he now is filing an action in this Court, even though he lives in Georgia and none of the other defendants are operating out of this District. Some of Plaintiff's lawsuits have included:

***Parker v. Linell*, No. 5:02-CT-404-H, U.S. District Court for the Eastern District of North Carolina.** In an Order dated October 29, 2002, Judge Malcolm J. Howard ruled that Plaintiff's lawsuit against the Halifax County court clerk's office employees, the sheriff, the court clerk's office and Plaintiff's landlord, "had no arguable basis in law or in fact" and dismissed it as "frivolous".

***Parker v. Linell*, No. 5:02-CT-353-H, U.S. District Court for the Eastern District of North Carolina.** By Order dated November 12, 2002, Judge Howard dismissed Plaintiff's Complaint against the Halifax County School Board, its Superintendent, a principal, the district's special education director, and the sheriff. Judge Howard found the Complaint without basis in law or fact and dismissed it as frivolous.

***Parker v. Milligan et al.*, No. 4:03-CV-81-H, U.S. District Court for the Eastern District of North Carolina.** On November 18, 2003, Judge Howard dismissed a lawsuit by Plaintiff against a number of persons and entities to block an eviction. Judge Howard found Plaintiff's suit to be frivolous and granted Rule 11 sanctions in favor of all defendants totaling in excess of $25,000. Judge Howard noted:

> Plaintiff has a history of engaging in similar conduct in other cases in which he has filed pleadings and other documents and has named clerks of court, attorneys, the

2

> State of North Carolina and the Sheriff of Pitt County as defendants.
>
> ****
>
> In the above cases, plaintiff engaged in a pattern of similar conduct by recording a quitclaim deed to foreclosed property either on the date of or shortly after the foreclosure sale, and then filing various documents in an attempt to set aside the foreclosure sale.
>
> Plaintiff has violated Rule 11 with the filing of his pleadings in the captioned actions.

Order dated November 18, 2003, attached at Tab 1.

### Standard of Review

### A.   Rule 12(b)(6)

In deciding a Rule 12(b)(6) motion to dismiss, a court must assess whether a complaint sufficiently and properly states a claim for relief. "In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." Nieman v. NLO, Inc., 108 F.3d 1546, 1554 (6th Cir. 1997)(quotation omitted); Savage v. Scales, 310 F. Supp. 2d 122 (D.D.C. 2004). To survive a motion to dismiss, "[a] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." Scheid v. Fanny Farmer Shops Inc., 859 F.2d 434, 436 (6th Cir. 1988) (internal quotations omitted). More than mere assertions of legal conclusions are required, and the Court need not accept the truth of legal conclusions or baseless factual inferences. See Western Associates, Ltd v. Market Square Assocs, 235 F.3d 629(D.C. Cir. 2001).

3

### B. Rules 8(a) and 9(b)

Rule 8(a) requires a short and plain statement of Plaintiff's claims. Including the jurisdiction of the Court. For most claims, Rule 8 requires only "a short and plain statement of the claim" and calls for "simple, concise and direct allegations." Michaels Bldg. C. v. Ameritrust Co. N.A., 848 F.2d 674, 679 (6th Cir. 1988). In contrast, "allegations of fraud[] ... must be made with sufficient particularity and with sufficient factual basis to support an inference that they were knowingly made." Coffey v. Foamex L.P., 2 F.3d 157, 162 (6th Cir. 1993). . The pleadings must be specific enough to provide sufficient notice to the defendant so as to allow him to prepare an informed pleading responsive to the specific allegations of fraud. Advocacy Org. for Patients and Providers v. Auto Club Insurance Association, 176 F.3d 315, 322 (6th Cir. 1999). In addition, pursuant to Rule 9(b) , the portions of a complaint alleging fraud must be stated with particularity. Coffey v. Foamex, supra, at 161. The appellate courts require plaintiff, at minimum, to allege the time, place and content of the alleged misrepresentation on which he relies, the fraudulent scheme, the fraudulent intent of defendants, and the resulting injury. Michaels Bldg. C. v. Ameritrust Co. N.A., supra, at 679 (6th Cir. 1988).

### Argument

This Court should dismiss Plaintiff's Complaint for two different reasons. First, the Complaint must satisfy the requirements of Fed R. Civ. P. 8(a). It does not. Second, the Complaint alleges that the defendants engaged in "material falsehoods". If that is the gist of the Complaint, it must also satisfy the requirement in Fed. R. Civ. P 9(b) of pleading fraud with particularity. The Complaint also fails there.

4

I. **PLAINTIFF'S COMPLAINT FAILS TO MEET THE REQUIREMENTS OF FED. R. CIV. P. 8(a).**

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain three things:

- A "short and plain statement of the grounds on which the court's jurisdiction depends".
- A "short and plain statement of claim showing that the pleader is entitled to relief".
- A demand for a judgment for the relief sought.

This Complaint is lacking on all fronts.

### A. Jurisdiction.

The Complaint contains no allegations as to the Court's jurisdiction. The Complaint must affirmatively plead jurisdiction under Rule 8(a) and plead enough facts to justify jurisdiction. Plaintiff's Complaint does not even attempt to address jurisdiction and must accordingly be dismissed.

In a related item not covered by Rule 8, Plaintiff fails to explain the basis for the venue of this action in the District. Plaintiff lives in Georgia. Defendant Trinh resides in Florida, and some of the other defendants are Canadian. Further, while Edward Jones may have offices in the District of Columbia, nothing in the Complaint suggests that those offices were involved with whatever Plaintiff is complaining about. Therefore, there is no basis for this case to be filed in this Court.

### B. Claims.

Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law. Neitzke v. Williams, 490 U.S. 319, 326 (1989). This procedure, "operating on the assumption that the factual allegations in the complaint are true,

5

streamlines litigation by dispensing with needless discovery and fact finding." Id. at 326-27. "Legal conclusions and unwarranted factual inferences are not accepted as true, nor are mere conclusions afforded liberal Rule 12(b)(6) review." Abel v. Keybank USA, N.A., 313 F. Supp. 2d 720, 722 (N.D. Ohio 2004); accord Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987). In Western Associates, Ltd. v. Market Square Associates, 235 F. 3d 629, 634 (D.C. Cir. 2001), the Court of Appeals held that the court need not accept inferences drawn by plaintiff if such inferences are unsupported by the facts pleaded in the complaint. The court also need not accept legal conclusions cast in the form of factual allegations. Id., See Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005).

Plaintiff's Complaint contains a disjointed set of conclusions, unspecified factual assertions and no coherent statement of what Plaintiff's claims are against Edward Jones or any of the other defendants. For example, the Complaint references a racial discrimination complaint filed by Plaintiff with the Securities & Exchange Commission. Obviously, having submitted that complaint to the SEC, Plaintiff is not seeking to address it here. Plaintiff also makes a disjointed, incoherent series of allegations regarding the cashing of unidentified checks, but does not explain Edward Jones' alleged role or why that role gives Plaintiff a cause of action against Edward Jones.

Further, Plaintiff's self-representation is not a defense to pleading deficiencies. "Although it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions. Kaylor v. Fields, 661 F.2d 1177, 1183 (8th Cir. 1981)."

6

Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985). As stated in Jarrell v. Tisch, 656 F. Supp. 237, 239 (D.D.C. 1987):

> The Court is mindful that a pro se litigant's complaint is held to a less stringent standard than formal pleadings drafted by lawyers. Redwood v. Council of the District of Columbia, 220 U.S. App. D.C. 113, 679 F.2d 931 (D.C. Cir. 1982); Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). However, this consideration does not constitute a license for a plaintiff filing pro se to ignore the Federal Rules of Civil Procedure or expect the Court to decide what claims a plaintiff may or may not want to assert.

Where these pleading standards are not met, "a claim *must* be dismissed." Neitzke, 490 U.S. at 327 (emphasis added). Accordingly, Plaintiff's claim must be dismissed.

Moreover, in cases involving multiple parties, Rule 8 prohibits allegations that are "jumbled" together so as to avoid giving clear notice to each defendant of the claims against it. Collier v. First Mich. Coop. Housing Ass'n, 274 F.2d 467, 469 (6th Cir. 1960) (a "prolix and muddled" cross-complaint that "jumbled" together all defendants was properly dismissed). As one court explained in dismissing such a "jumbled" complaint:

> The complaint is a quintessential "shotgun" pleading of the kind we have condemned repeatedly, beginning at least as early as 1991. It is in no sense the "short and plain statement of the claim" required by Rule 8 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(a)(2). It is fifty-eight pages long. It names fourteen defendants, and all defendants are charged in each count. The complaint is replete with allegations that "the defendants" engaged in certain conduct, making no distinction among the fourteen defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of. Each count incorporates by reference the allegations made in a section entitled "General Factual Allegations" – which comprises 146 numbered paragraphs – while also incorporating the

7

> allegations of any count or counts that precede it. The result
> is that each count is replete with factual allegations that
> could not possibly be material to that specific count, and that
> any allegations that are material are buried beneath
> innumerable pages of rambling irrelevancies. This type of
> pleading . . . is the type of complaint that we have criticized
> time and again.

Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001); see also Vicom, Inc. v. Harbridge Merch. Servs., Inc., 20 F.3d 771, 777-78 (7th Cir. 1994) (strongly criticizing a complaint that made undifferentiated allegations against multiple defendants). While Plaintiff's Complaint here is not long as was the complaint in Magluta, it is no more enlightening or understandable. To the contrary, Plaintiff fails to provide clear notice to each defendant of the claim against it. In fact, Edward Jones is left to mere speculation as to the allegations brought against it, let alone the other defendants.

## II. PLAINTIFF'S COMPLAINT FAILS TO MEET THE REQUIREMENTS OF FED. R. CIV. P. 9(b).

Plaintiff also alleges unspecified "material falsehoods" by Defendants Trinh, Sylman, Bank of America and Edward Jones. "Material falsehoods" is essentially an accusation of fraud. But Fed. R. of Civ. P. 9 (b), however, provides that mere conclusory or general statements alleging fraud are insufficient: ". . . the circumstances constituting fraud . . . *shall* be stated with *particularity*." Federal Rule 9(b) (emphasis added).

The purpose of the heightened pleading requirements of Rule 9(b) is to specifically apprise a defendant of the details underlying the fraud claim against it, as well as the acts or the statements that form the basis of the claim. See, e.g. Hayduk v. Lanna, 775 F.2d 441 (1st Cir. 1985). This requirement guarantees that a plaintiff's

8

allegations against a defendant are specific enough to allow that defendant to prepare an effective response and defense to the specific allegations of fraud. Advocacy Org. For Patients and Providers v. Auto Club Ins. Ass'n, 176 F.3d 315, 322 (6th Cir. 1999).

"Combining Rules 8 and 9(b), we require that the pleader ... state the time, place and content of the false misrepresentations, the fact misrepresented and what was retained or given up as a consequence of the fraud. United States ex rel. Williams v. Martin-Baker Aircraft Co., 389 F.3d 1251 (D.C. Cir. 2004), rehearing denied, 2004 U.S. App. LEXIS 26999 (D.C. Cir. Dec. 21, 2004); and 2005 U.S. App. LEXIS 1593 (D.C. Cir., Jan.18, 2005). The particularity required by Rule 9(b) includes, at a minimum, that a Plaintiff allege specifically and with particularity (1) the time, place, and content of the alleged misrepresentations; (2) the fraudulent scheme; (3) the fraudulent intent of the defendants; and (4) the injury resulting from the fraud. United States of America v. Bledsoe, 342 F.3d 634, 643 (6th Cir. 2003). Failure of the complaint to identify specific parties, contracts, or fraudulent acts *requires* dismissal. Yuhasz v. Brush Wellman, Inc., 341 F.3d 559, 564 (6th Cir. 2003).

Moreover, and as is required under Rule 8, in a complaint naming multiple defendants, the plaintiff must satisfy the Rule 's particularity requirements *with regard to each individual defendant against whom fraud is alleged.* A complaint "may not rely upon blanket references to acts or omissions by all of the 'defendants', for each defendant named in the complaint is entitled to be apprised of the circumstances surrounding the fraudulent conduct with which he individually stands charged." Benoay v. Decker, 517 F. Supp. 490, 493 (E.D. Mich. 1981). Accordingly, it is

9

insufficient to allege fraud, even with particularity, against a *group* of defendants generally, without specifying the alleged fraud of each individual defendant particularly, including the specific identification of the individual alleged to have engaged in the fraud. See, e.g., Hoover v. Langston Equip. Assoc., Inc. 958 F.2d 742, 745 (6th Cir. 1992); United States v. Mercy Health System of Southwest Ohio, 1999 U.S. App. LEXIS 18509 (6th Cir. Aug. 5, 1999) ("The court was correct in dismissing the amended complaint because plaintiff's allegations are based on generalized accusations of wrongdoing attributed to 'defendants' without any specificity as to which employees of the defendants were engaged in the alleged fraudulent scheme").

Here, Plaintiff's Complaint lacks all of the specific facts and details required by Rule 9(b). The Complaint fails to specify a time, place, content or format of any communications by Edward Jones that constitute an alleged "material falsehood." Moreover, Plaintiff's Complaint fails to set forth any particular allegation of fraud against Edward Jones. Instead, Plaintiff ignores the separate and individual identities of the Defendants in this action and simply makes blanket allegations with respect to Defendants' "material falsehoods" in complete contravention of Rule 9(b). The Complaint must be dismissed.

## Conclusion

The Court should dismiss Plaintiff's rambling and incoherent Complaint. The Complaint violates the Rule 8(a) basic pleading requirements, as well as the Rule 9(b) requirement that alleged fraud must be pleaded with particularity. In the

alternative, Plaintiff should be required to file a more definite statement addressing the many deficiencies in the Complaint.

<div style="margin-left:auto">

Respectfully submitted,

**BUTZEL LONG**

By: /s/   James F. Gehrke
James F. Gehrke (Bar No. 497193)
Suite 300
1747 Pennsylvania Avenue N.W.
Washington, D.C. 20006
Telephone (202) 454-2888
E-mail:  gehrke@butzel.com

**Attorneys for Defendant Edward D. Jones & Co., L.P.**

</div>

Dated:  June 6, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DR. MONROE R. PARKER, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 1-06CV00737 |
| vs. | ) |
| | ) Hon. Emmet G. Sullivan |
| EDWARD JONES, et al., | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing documents with the Clerk of the Court using the ECF system which will send notification of such filing to all parties for which counsel have registered to use ECF and I hereby certify that I have mailed by U.S. Postal Service the documents to the non-ECF participants: Monroe R. Parker, Jr., Plaintiff, *In Pro Se*, 5174 McGinnis Ferry Road, Apt. 108, Alpharetta, GA  30005.

/s/ James F. Gehrke
James F. Gehrke (Bar No. 497193)
Butzel Long
Suite 300
1747 Pennsylvania Avenue N.W.
Washington, D.C. 20006
Telephone (202) 454-2888
E-mail:  gehrke@butzel.com
**Attorneys for Defendant Edward D. Jones & Co., L.P.**

Dated: June 6, 2006