# TAB 1

Defendant Edward D. Jones' Motion to Dismiss, or in the
Alternative, Motion for a More Definite Statement

**Order dated November 18, 2003**

FILED
NOV 1 8 2003
US DISTRICT COURT, EDNC
BY ___ CEP CLK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MONROE PARKER, JR.,<br>        Plaintiff,<br><br>        v.<br><br>DEBRA L. MILLIGAN, H. TERRY HUTCHENS, RANDY DAVIS, COLDWELL BANKER LANDMARK PROPERTIES, MARY ANN FLEMING, HOMESTEPS ASSET SERVICES - EVICTIONS, TINA LOVELADY, PENNY SIMPSON, NANCY BOONE, PRUDENTIAL PRIME PROPERTIES, RICHARD LANE, BRANCH BANKING & TRUST COMPANY, IRENE FAULKNER, ANNETTE W. BOURGEOIS, JOHN HARMON,<br>        Defendants. | NO. 4:03-CV-81-H(3)<br>EASTERN DIVISION |
| IN THE MATTER OF THE FORECLOSURE OF A DEED OF TRUST EXECUTED BY GARY P. SIMMONS DATED APRIL 14, 2000, RECORDED IN BOOK 1021, PAGE 628, PITT COUNTY REGISTRY, H. TERRY HUTCHENS, P.A., SUBSTITUTE TRUSTEE | NO. 5:03-CV-454-H(3)<br>WESTERN DIVISION |

**ORDER**

These matters are before the court on the following motions:

    (1)    Plaintiff Monroe Parker's "Motion in Opposition to Removal";

SCANNED

1

(2) "Motion to Dismiss for H. Terry Hutchens, P.A." (Rule 12(b)(6));
(3) "Motion of Defendants Federal Home Loan Mortgage Corporation d/b/a HomeSteps Asset Services, Branch Banking and Trust Company, and John Harmon for Judgment on the Pleadings" (Rule 12(c));
(4) Plaintiff Monroe Parker's "Motion to Strike the Answer" of Defendants Debra L. Milligan, H. Terry Hutchens, Tina Lovelady, Irene Faulkner, and Annette W. Bourgeois;
(5) Plaintiff Monroe Parker's "Motion to Strike the Answer of Penny Simpson";
(6) Plaintiff Monroe Parker's "Motion to Strike Answer of Defendant Freddie Mac";
(7) Plaintiff Monroe Parker's "Motion to Strike Answer of Defendants Branch Banking and Trust Company and John Harmon";
(8) Plaintiff Monroe Parker's "Motion to Strike" Answer of Defendants Prudential Prime Properties and Richard Lane, and Answer of Defendants Coldwell Banker Landmark Properties, Randy Davis and Mary Ann Fleming;
(9) Plaintiff Monroe Parker's "Motion to Strike Motion to Dismiss by H. Terry Hutchens, P.A.";
(10) Plaintiff Monroe Parker's "Motion to Strike Answer of Defendants Freddie Mac, Branch Banking and Trust Company, and John Harmon for Judgment on the Pleadings";
(11) Motion by Penny Simpson to Dismiss (Rule 12(b)(6)); and,
(12) Motion by Randy Davis, Coldwell Banker Landmark Properties, and Mary Ann Fleming for Sanctions (Rule 11).

A hearing on these motions was held on Wednesday, October 29, 2003, at 10:00 a.m. at the United States Courthouse in Greenville, North Carolina, and the following attorneys were present: (1) Gary J. Rickner, Esq. and J. Michael Fields, Esq. of the firm of Ward and Smith, P.A., represented defendants Federal Home Loan Mortgage Corporation d/b/a HomeSteps Asset Services ("Freddie

2

Mac"), Branch Banking and Trust Company ("BB&T"), and John Harmon; (2) Wayne S. Boyette, Esq. of the firm of Rountree & Boyette, LLP, represented defendants Randy Davis, Coldwell Banker Landmark Properties, and Mary Ann Fleming; (3) Wendy H. Hughes, Esq. of the firm of H. Terry Hutchens, P.A., represented defendants H. Terry Hutchens, P.A. ("Substitute Trustee"), H. Terry Hutchens, Debra L. Milligan, Tina Lovelady, Annette W. Bourgeois, and Irene Faulkner; (4) James R. Saunders, Esq. of the firm of Harrington & Saunders, P.A., represented defendants Prudential Prime Properties and Richard Lane; and, (5) Conrad E. Paysour, Esq. of the firm of Mattox, Davis, Barnhill & Paysour represented defendant Penny Simpson. Plaintiff Monroe Parker was not present or represented by counsel. These matters are ripe for adjudication.

**STATEMENT OF THE CASE**

These actions arise out of the foreclosure proceeding that was instituted on December 18, 2002, in the Superior Court of Pitt County by Substitute Trustee H. Terry Hutchens, P.A., against Gary P. Simmons ("Simmons"), Civil Action No. 02-SP-678 ("Foreclosure Proceeding"). On April 14, 2000, Simmons executed a promissory note in favor of BB&T in the original principal amount of $252,000, and secured such indebtedness by a deed of trust on certain real property located at 3803 Saxon Court, Greenville, North Carolina. Simmons defaulted on the promissory note. Following proper notice

and hearing in the foreclosure proceeding, the Clerk of Superior Court of Pitt County authorized the substitute trustee to give notice of and conduct a foreclosure sale in accordance with the applicable statutes. The ten-day appeal period expired with no appeal having been filed.

The foreclosure sale was conducted at noon on March 4, 2003, and BB&T was the high bidder in the amount of $297,355.40. On the morning of March 4, 2003, plaintiff entered into a contract with Simmons to purchase the foreclosed property. At the same time, Simmons executed a quit claim deed, which was not recorded with the Pitt County Register of Deeds until March 14, 2003. The ten-day upset bid period expired with no upset bids being filed. On March 17, 2003, BB&T assigned its bid in the property to Freddie Mac. On April 2, 2003, the substitute trustee filed the final report and account of foreclosure sale listing Freddie Mac as the purchaser.

On April 14, 2003, plaintiff, pro se, filed an unverified complaint in the Superior Court of Pitt County (Civil Action No. 03-CVS-947), seeking ex parte a restraining order to prevent defendants from evicting plaintiff from the foreclosed property and directing the clerk to deny defendants a writ of possession. On April 22, 2003, plaintiff, pro se, filed a verified amended complaint, seeking to recover from defendants the sum of $1,750,000, plus interest and costs. On May 1, 2003, the Pitt

County Superior Court entered a temporary restraining order that commanded defendants to desist and refrain from interfering with plaintiff's rights relating to the foreclosed property; ordered defendants to desist from all initiatives to prevent quiet enjoyment of plaintiff at the foreclosed property; scheduled a preliminary injunction hearing for May 12, 2003; and, ordered plaintiff to post a bond in the amount of $500. The preliminary injunction hearing was continued to May 19, 2003 and again to May 27, 2003. On May 27, 2003, defendant Freddie Mac, pursuant to 12 U.S.C. § 1452(f), removed the action to this court (File No. 4:03-CV-81-H(3)).

Subsequently, in the foreclosure proceeding in Pitt County, plaintiff, on June 3, 2003, filed a motion to vacate, seeking a court order vacating the foreclosure sale and the alleged subsequent fraudulent conveyance/illegal transfer of the deed of trust from BB&T to Freddie Mac. Also on June 3, 2003, plaintiff filed a petition for a writ of prohibition, requesting that defendants cease and refrain from seeking an eviction or new foreclosure sale until decision on plaintiff's motion to vacate. On June 13, 2003, Freddie Mac, pursuant to 12 U.S.C. § 1452(f), removed the foreclosure proceeding to this court (No. 5:03-CV-454-H(3)).

5

I.  **Motion for Judgment on the Pleadings of Defendants Freddie Mac, BB&T, and John Harmon**

Rule 12(c) of the Federal Rules of Civil Procedure permits a party, after the pleadings are closed, to move for judgment on the pleadings. A Rule 12(c) motion is designed to provide a method of disposing of cases when the material facts are not in dispute and a judgment on the merits can be achieved by focusing on the content of the pleadings and any facts of which the court will take judicial notice. Herbert Abstract Co. v. Touchstone Properties, Ltd., 914 F.2d 74, 76 (5th Cir. 1990). A motion for a judgment on the pleadings is useful only when all material allegations of fact are admitted in the pleadings and only questions of law remain. George C. Frey Ready-Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp., 554 F.2d 551, 553 (2d Cir. 1977).

On June 18, 2003, defendants Freddie Mac, BB&T, and John Harmon filed their motion for judgment on the pleadings, alleging that plaintiff has no standing to proceed with the litigation, and even if plaintiff has standing, plaintiff can prove no set of facts sufficient to support his claims for relief.

Plaintiff does not have standing to bring these actions. Plaintiff was neither the mortgagor in this action nor was plaintiff in privity of contract with either defendant Freddie Mac or the substitute trustee at the time of the foreclosure sale (or

at any time since the foreclosure sale). Therefore, plaintiff was not in privity of contract at the time of the foreclosure sale, nor is he today.

In addition, plaintiff has no statutory standing to bring the suit. N.C. Gen. Stat. § 45-21, et seq., provides that only persons listed therein and those who have filed a request for notice under § 45-21.17A are entitled to notice of foreclosure sale. Beneficial Mortgage Co. v. Hamidpour, 155 N.C. App. 641, 644, 574 S.E.2d 163, 165-66 (2002) (dismissing an appeal of a summary judgment in favor of the primary mortgage company where the plaintiff was attempting to collaterally attack a foreclosure sale of which the plaintiff claimed it did not receive notice); Gore v. Hill, 52 N.C. App. 620, 621, 279 S.E.2d 102, 104 (1981) (the procedural requirements of notice and hearing are designed to assure that the mortgagors are not deprived of due process of law).

N.C. Gen. Stat. § 45-21 requires that notice of hearing be served upon:

> (1) Any person to whom the security interest instrument itself directs notice to be sent in case of default; (2) Any person obligated to repay the indebtedness against whom the holder thereof intends to assert liability therefor, and any such person not notified shall not be liable for any deficiency remaining after the sale; (3) Every record owner of the real estate whose interest is of record in the county where the real property is located at the time the notice of hearing is filed in that county... .

7

Plaintiff does not allege that he was entitled to notice under the statute, and he presents arguments that would be available only to the borrower and title owner.

Because plaintiff lacks standing to bring these suits, this court need not reach the merits of plaintiff's claims. Therefore, the motion for judgment on the pleadings of defendants Freddie Mac, BB&T, and John Harmon is hereby granted.

## II. Motions to Dismiss of Remaining Defendants

In reviewing a motion to dismiss, the court should view the allegations of the complaint in the light most favorable to the plaintiff. See De Sole v. United States, 947 F.2d 1169 (4th Cir. 1991). The court must accept the factual allegations of the complaint but is not bound with regard to its legal conclusions. See United Mine Workers v. Wellmore Coal Corp. 609 F.2d 1083, 1085 (4th Cir. 1979). Plaintiffs are entitled to reasonable inferences by the court in ruling on a motion to dismiss. See Mylan Lab. v. Akzo, N.V., 2 F.3d 56 (4th Cir. 1993). Motions to dismiss are granted only where plaintiffs cannot prove any set of facts which would entitle them to relief. See Mylan Lab. v. Matkari, 7 F.3d 1130 (4th Cir. 1993).

Here, defendants H. Terry Hutchens, P.A., and Penny Simpson filed motions to dismiss pursuant to Rule 12(b)(6). In addition, the answers of defendants Prudential Prime Properties, Richard

Lane, Debra L. Milligan, Tina Lovelady, Irene Faulkner, Annette W. Bourgeois, H. Terry Hutchens, Randy Davis, Coldwell Banker Landmark Properties, and Mary Ann Fleming each contained defenses based on Rule 12(b)(6). As discussed above, plaintiff lacks standing to bring any claims with regard to the foreclosure proceeding or the related civil action. Therefore, plaintiff has not stated a claim upon which relief can be granted in this court as to any of the defendants, and the motions to dismiss of each of the defendants are hereby granted.

### III. Plaintiff's Various Motions

Plaintiff has filed various motions (as listed on pages 1 and 2 of this order). Although plaintiff was not present at the hearing held on October 29, 2003, to address these motions, the court has examined each of them and finds that many of these motions were not timely filed and all are without merit. Therefore, all of plaintiff's pending motions are hereby denied.

### IV. Sanctions Against Plaintiff

All defendants have moved for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure, either by oral or written motion.

Rule 11 of the Federal Rules of Civil Procedure states in pertinent part as follows:

> By presenting to the court (whether by signing, filing, submitting, or later

9

advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Civ. P. 11(b).

Plaintiff has a history of engaging in similar conduct in other cases in which he has filed pleadings and other documents and has named clerks of court, attorneys, the State of North Carolina, and the Sheriff of Pitt County as defendants. For example, plaintiff has filed pleadings and other documents in two other cases that were filed in the Superior Court of Pitt County:

    a.   02-SP-357 – <u>Parker v. H. Terry Hutchens, individually, the State of North Carolina</u>, and,
    b.   02-SP-655  –  <u>Parker v. Principal Residential Mortgage, Inc., G. Robert Turner, III, and Charlene S. Corbett</u>.

In the above cases, plaintiff engaged in a pattern of similar conduct by recording a quitclaim deed to foreclosed property either on the date of or shortly after the foreclosure sale, and then filing various documents in an attempt to set aside the foreclosure sale.

Plaintiff has violated Rule 11 with the filing of his pleadings in the captioned actions. These pleadings are not warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law, and plaintiff's allegations and other factual contentions do not have evidentiary support. Sanctions properly should be imposed against plaintiff for his violation of Rule 11. Therefore, this court orders that plaintiff shall pay to defendants their reasonable attorneys' fees incurred by them in defending against plaintiff's claims in the captioned suits as follows:

    a. defendants Randy Davis, Coldwell Banker Landmark Properties, and Mary Ann Fleming - reasonable attorneys' fees in the amount of $1,191.20, as shown by the Affidavit of Wayne S. Boyette, Esq.;

  b. defendant Penny Simpson - reasonable attorneys' fees in the amount of $900, as shown by the Affidavit of Conrad E. Paysour, III, Esq.;

  c. defendants Prudential Prime Properties and Richard Lane - reasonable attorneys' fees in the amount of $625, as shown by the Affidavit of Danny A. Harrington, Esq.;

  d. defendants H. Terry Hutchens, P.A. represented Defendants H. Terry Hutchens, P.A. ("Substitute Trustee"), H. Terry Hutchens, Debra L. Milligan, Tina Lovelady, Annette W. Bourgeois, and Irene Faulkner - reasonable attorneys' fees in the amount of $5,652.50, as shown by the Affidavit of Wendy H. Hughes, Esq.; and,

  f. defendants Federal Home Loan Mortgage Corporation d/b/a HomeSteps Asset Services, Branch Banking and Trust Company, and John Harmon - reasonable attorneys' fees in the amount of $23,173.01 as shown by the Affidavit of Cheryl A. Marteney, Esq. Although the fees incurred by these defendants exceed those incurred by the other defendants, these defendants directed the foreclosure proceedings against the subject property. Defendant BB&T was the highest bidder for the subject property and, subsequently, assigned its bid to defendant Freddie Mac. Thus, these defendants had a high stake in the matter. In addition to defending against plaintiff's various filings in this court, Ward and Smith, P.A., was required to defend against plaintiff's

12

attempts to vacate the foreclosure, and against the temporary restraining order, motion for preliminary injunction, and other filings by plaintiff in the foreclosure proceedings while pending in Superior Court of Pitt County.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED:

The motion for judgment on the pleadings of defendants Federal Home Loan Mortgage Corporation d/b/a HomeSteps Asset Services, Branch Banking and Trust Company, and John Harmon is GRANTED;

The motions to dismiss of defendants Debra L. Milligan, H. Terry Hutchens, P.A., H. Terry Hutchens, Randy Davis, Coldwell Banker Landmark Properties, Mary Ann Fleming, Tina Lovelady, Penny Simpson, Prudential Prime Properties, Richard Lane, Irene Faulkner, and Annette W. Bourgeois pursuant to Rule 12(b)(6) are GRANTED;

The various motions to strike and other motions filed by plaintiff are DENIED;

The motions for sanctions of each of the defendants pursuant to Rule 11 are GRANTED, and each defendant is awarded his, her, or its reasonable attorneys' fees as previously set forth.

The clerk is directed to close the case.

This the 13th day of November, 2003.

*[signature]*

MALCOLM J. HOWARD
United States District Judge

At Greenville, NC
#26
4:03-CV-81-H, 5:03-CV-454-H