## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DR. MONROE PARKER, JR.,                    )
                                           )
    Plaintiff,                             )
                                           )    Case No. 1-06CV00737
       versus                            )    Judge Emmet G. Sullivan
                                           )
EDWARD JONES, ET AL,                       )
                                           )
    Defendants.                            )

---

### DEFENDANT FINTRAC'S MOTION TO DISMISS FOR
### FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6) AND
### FOR LACK OF JURISDICTION UNDER 12(b)(1) AND 12(b)(2)

Defendant Financial Transactions and Reports Analysis Centre of Canada

("FINTRAC") respectfully moves this Court to dismiss plaintiff's Complaint pursuant to

Federal Rules of Civil Procedure 12(b)(1), (2), and (6).  As detailed in the attached

Memorandum of Points and Authorities, plaintiff has failed to state a claim upon which

relief can be granted or to plead the Court's general or specific jurisdiction over

FINTRAC.  A proposed Order is attached.

July 18, 2006                          Respectfully submitted,


                                       /s/ Mark J. Biros
                                       Mark J. Biros (D.C. Bar No. 181719)
                                       PROSKAUER ROSE LLP
                                       1001 Pennsylvania Avenue, N.W.
                                       Suite 400 South
                                       Washington, D.C.  20004-
                                       (202) 416-6800

                                       *Attorney for Defendant FINTRAC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served this 18th day of July, 2006 in accordance with the Court's procedures for electronic filing.

In addition, I certify that a copy of the foregoing was sent by first-class mail, postage prepaid, to: Dr. Monroe R. Parker, 5174 McGinnis Ferry Road, Suite 108, Alpharetta, Georgia 30005.

___/s/ Mark J. Biros_____
Mark J. Biros

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DR. MONROE PARKER, JR., )
)
Plaintiff, )
)                    Case No. 1-06CV00737
versus )                    Judge Emmet G. Sullivan
)
EDWARD JONES, ET AL, )
)
Defendants. )

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT FINTRAC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6) AND FOR LACK OF JURISDICTION UNDER 12(b)(1) AND 12(b)(2)

Defendant Financial Transactions and Reports Analysis Centre of Canada

("FINTRAC") respectfully submits this memorandum of points and authorities in support

its Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1), (2), and (6).

### PRELIMINARY STATEMENT

FINTRAC is an agency of the Government of Canada which receives and

analyzes financial transactions in order to assist Canadian law enforcement agencies in

their efforts to halt money laundering and terrorist financing.  The plaintiff, acting *pro se*,

filed this Complaint in which the single reference to FINTRAC is:

> On February 13, 2006 plaintiff received an email from FINTRAC
> [FINANCIAL TRANSACTION & REPORT ANALYSIS CENT[RE] OF
> CANADA], ALLEGING THAT "THEY RECEIVED AN OFFICIAL
> COMPLAINT AGAINST YOU FROM YORKLAND FINANCIAL
> CORPORATION, in the matter of a violation of the terms of a credit
> facility made out to you in the amount of Ninety-Eight Thousand, Five
> Hundred & Fifty Thousand Dollars (US$98,550.00)".  ALL FINANCIAL
> ACTIVITIES HANDLED BY ROYAL YORKLAND FINANCIAL

CORPORATION, MENTIONED ISSUER OF THIS LOAN, WHEN
ABOVE US$10,000 NORMALLY MUST PASS CLEARANCE VIA
FINTRAC.

Compl. at ¶ 3(emphasis in original).  No specific causes of action against FINTRAC are

asserted.  No improper conduct by FINTRAC is mentioned.  No injury suffered by

plaintiff is identified.  These abject failures, even viewed with deference to a *pro se*

litigant, compel dismissal of this Complaint.[1]

## LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal

Rules of Civil Procedure ("Rules") is appropriate where a plaintiff can demonstrate no set

of facts that supports his claim entitling him to relief.  *See Conley v. Gibson*, 355 U.S. 41,

45-46 (1957); *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1117 (D.C. Cir. 2000).

In evaluating a motion to dismiss, the Court must accept the factual allegations in the

complaint as true and draw all reasonable inferences in favor of the plaintiff.  *See Harris*

*v. Ladner*, 127 F.3d 1121, 1123 (D.C. Cir. 1997).  However the Court need not accept

factual inferences drawn by plaintiff if those inferences are not supported by facts alleged

in the complaint, nor must the Court accept the plaintiff's legal conclusions.  *See Nat'l*

*Treasury Employees Union v. United States*, 101 F.3d 1423, 1430 (D.C. Cir. 1996);

*Kowal v. MCI Commc'n Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

Rules 12(b)(1) and (2) require the plaintiff to establish by a preponderance of the

evidence that the court has jurisdiction to entertain his claims.  *Grand Lodge of Fraternal*

*Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001) (holding that the court

---

[1]  *Razzoli v. Fed. Bureau of Prisons,*230 F.3d 371, 377 (D.C. Cir. 2000) (appellate court will
affirm a dismissal for failure to state a claim "[e]ven giving the *pro se* plaintiff the benefit of
every reasonable doubt" where the plaintiff cannot support his claim).

2

has an "affirmative obligation to ensure that it is acting within the scope of its

jurisdictional authority."). The Complaint is bereft of any allegation supporting

jurisdiction of this Court. For the following reasons, application of these standards

warrants dismissal of the Complaint.

**ARGUMENT**

**I.      The Complaint Fails to State a Claim Upon Which Relief Can Be Granted.**

Under the most liberal reading of this Complaint, plaintiff fails to state any claim

upon which relief can be granted. There is no statutory violation claimed. No cause of

action stated. Nor, any explanation of how, if at all, the e-mail allegedly sent by

FINTRAC injured plaintiff.[2] Indeed, the Complaint is so lacking in legal and factual

allegations that FINTRAC cannot determine the plaintiff's claims or the factual support

upon which these supposed claims rest. Without these basic elements the Complaint

must be dismissed. *See Sinclair v. Kleindienst*, 711 F.2d 291, 293 (D.C. Cir. 1983)

(holding that a complaint must give "defendant fair notice of the plaintiff's claim and the

grounds upon which it rests").


**II.     The Complaint Fails to State Any Grounds for Jurisdiction.**

Under Rule 8(a), Plaintiff must set forth the grounds for the court's jurisdiction

over a given matter. The plaintiff has failed to do so, thus the Complaint must be

dismissed pursuant to Rules 12(b)(1) and 12(b)(2) for lack of subject matter or personal

jurisdiction. Plaintiff has alleged no facts indicating general jurisdiction over FINTRAC.

---

[2] The only statement in the Complaint even hinting at the plaintiff's intended cause of action does not list FINTRAC as an actor, stating "Trinh, Sylman, Bank of America, and Edward Jones acted in concert with one another in promoting these material falsehoods." Compl. at ¶ 1. To the extent that this sentence purports to allege any fraud by defendants, the Complaint certainly does not meet the heightened pleading standards for fraudulent conduct mandated by Rule 9(b).

There has been no allegation that this FINTRAC, a foreign governmental entity, is domiciled in the District of Columbia, is subject to the D.C. long-arm statute, or that it has a "continuing corporate presence in the forum . . . directed at advancing the corporation's objectives." *BPA Int'l, Inc. v. Sweden*, 281 F. Supp. 2d 73, 83 (D.D.C. 2003) (dismissing action against a Swedish company for lack of general jurisdiction under any of these three factors). Further, there are no allegations that FINTRAC acted in the District of Columbia or that harm was suffered in the District of Columbia by plaintiff, a Georgia resident. *Id.* (finding no specific jurisdiction when no harm was alleged to have occurred in the District of Columbia). Without pleading proper jurisdiction the Complaint fails.

## CONCLUSION

The plaintiff's claims for relief are wholly without merit. Without alleging any direct injury by defendant FINTRAC, plaintiff attempts to hold the Canadian entity liable for an unspecified wrong. For the foregoing reasons, and the reasons set forth by defendants Bank of America, N.A. and Edward Jones & Co., LP, defendant FINTRAC respectfully requests that the Court dismiss the Complaint in its entirety.

July 18, 2006                                      Respectfully submitted,

                                        _/s/ Mark J. Biros_____
                                        Mark J. Biros (D.C. Bar No. 181719)
                                        PROSKAUER ROSE LLP
                                        1001 Pennsylvania Avenue, N.W.
                                        Suite 400 South
                                        Washington, D.C.  20004-2533
                                        (202) 416-6800

                                        *Attorney for Defendant FINTRAC*

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served this 18th day of July, 2006 in accordance with the Court's procedures for electronic filing.

In addition, I certify that a copy of the foregoing was sent by first-class mail, postage prepaid, to: Dr. Monroe R. Parker, 5174 McGinnis Ferry Road, Suite 108, Alpharetta, Georgia 30005.


_/s/ Mark J. Biros____
Mark J. Biros

5