UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONROE R. PARKER, JR., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 06-0737 (EGS) |
| EDWARD JONES, *et al.*, | ) |
| Defendants. | ) |

MEMORANDUM OPINION

This action, filed *pro se* and proceeding *in forma pauperis,* is before the Court on the separate motions to dismiss or for a more definite statement brought on behalf of the Bank of America ("BOA") and Edward D. Jones & Co. L.P. ("Edward Jones"), and the motion to dismiss brought on behalf of Financial Transactions and Reports Analysis Centre of Canada ("FINTRAC"). Plaintiff has not opposed the latter motion. Pursuant to the Order of July 18, 2006, FINTRAC's motion to dismiss will be granted as conceded.

Upon consideration of the complaint, BOA's and Edward Jones' motions and plaintiff's opposition, the Court finds that the complaint fails to comply with the minimal pleading requirements of the Federal Rules of Civil Procedure. Defendants' respective motions to dismiss based on Rule 12(b)(6) of the Federal Rules of Civil Procedure therefore will be granted and the case will be dismissed.[1]

---

[1] In addition to the movants, plaintiff names as defendants Robert Wilson, Andrew Sylman and Royal Yorkland Financial Corp,, all of Canada, and Thai Trinh of Coral Springs, Florida. Trinh has been served with process, *see* Dkt. 13, but has not appeared in the case. The Canadian defendants have not been served. The basis of dismissal applies equally to all defendants. The Court therefore will dismiss the complaint against the absent defendants pursuant to 28 U.S.C. § 1915(e)(2)(ii), which requires dismissal "at any time" the Court determines that the action fails to state a claim upon which relief may be granted.

2

Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8 (a). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Plaintiff appears to be accusing defendants of fraudulent acts stemming from one or more bank transactions. He does not, however, state in the complaint or the opposition the basis of federal court jurisdiction or any cogent facts showing his entitlement to relief. Moreover, a claim predicated on fraud must be pleaded with particularity. Fed. R. Civ. P. 9(b). "The circumstances that must be pleaded with specificity are matters such as the time, place, and contents of the false representations," *U.S. ex rel. Totten v. Bombardier Corp.*, 286 F.3d 542, 552 (D.C. Cir. 2002) (citation and internal quotation marks omitted), and the "individuals allegedly involved in the fraud." *U.S. ex rel. Williams v. Martin-Baker Aircraft Co., Ltd.*, 389 F.3d 1251, 1256 (D.C. Cir. 2004). The complaint allegations are too vague and confusing to satisfy this pleading requirement.

For the foregoing reasons, defendants' respective motions are granted. A separate Order accompanies this Memorandum Opinion.

.

                                         SIGNED: EMMET G. SULLIVAN
                                         UNITED STATES DISTRICT JUDGE

DATE: February 12, 2007